PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STATE EX REL. HOME AND LAND DEVELOPERS LLC, *et al.*, | ) ) ) | CASE NO.  4:26CV0235 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | JUDGE BENITA Y. PEARSON |
| MARTHA C. YODER, *etc.*, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 13] |

Pending is Defendant Martha C. Yoder's Motion to Dismiss (ECF No. 13) pursuant to

Fed. R. Civ. P. 12(b)(1) and (b)(6), treated as a motion for judgment on the pleadings pursuant to

Fed. R. Civ. P. 12(c).  The motion was filed on June 23, 2026.  Defendant moves the Court for an

Order dismissing the Complaint (ECF No. 1 at PageID #: 5-7) in its entirety with prejudice,

assessing costs to Plaintiffs, and granting Defendant all other relief to which she is entitled.  The

Court has been advised, having reviewed the record, the parties' briefs, and the applicable law.

For the reasons that follow, the motion is granted in part and denied in part.

**I.**

On December 30, 2025, Plaintiffs Home and Land  Developers LLC and JRD Holdings

filed a two-count Complaint (ECF No. 1 at PageID #: 5-7) against Defendant, in her individual

capacity, in the Trumbull County, Ohio Court of Common Pleas, being Case No. 2025 CV

03278.  Plaintiffs were and remain private real estate developers, in and around Trumbull

County, owning undeveloped land having public infrastructure ready for development within the

(4:26CV0235)

meaning of Ohio Admin. Code § 5703-25-11(C)(4).  Defendant is the Trumbull County, Ohio Auditor, whom appraises and assesses county real estate for taxation purposes within the meaning of Ohio Rev. Code § 5713.01.  The First Claim is for mandamus.  Plaintiffs allege Defendant has and does appraise(d) and assess(ed) their land via the "development method" for valuing land, *i.e.*, by estimating value as thought fully developed.  According to Plaintiffs, Defendant has not subtracted therefrom Plaintiffs' development, administrative, and entrepreneurial costs, which they claim is required by § 5703-25-11(C)(4).  The Second Claim asserts a violation of 42 U.S.C. § 1983 in a class-of-one equal protection claim.  Plaintiffs allege Defendant appraised and assessed only their land via the "development method."  According to Plaintiffs, Defendant appraised and assessed land owned by others as "undeveloped," resulting in a value that is a fraction of that of Plaintiffs' land.  Plaintiffs claim Defendant's dissimilar treatment among similarly-situated developers resulted in a denial of their equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution.

Defendant removed the case to this Court on January 29, 2026, on the basis of federal question jurisdiction conferred by 28 U.S.C. § 1331.  *See* Notice of Removal (ECF No. 1 at PageID #: 1, ¶ 3).  She filed an Answer (ECF No. 4) on February 5, 2026.

**II.**

**A.**

"The standard of review for entry of judgment on the pleadings under Rule 12(c) is indistinguishable from the standard of review for dismissals based on failure to state a claim under Rule 12(b)(6); the difference between the two rules is simply the timing of the motion to

2

(4:26CV0235)

dismiss.  For a dismissal under Rule 12(b)(6), the moving party must request judgment in a

pre-answer motion or in the answer itself, whereas a motion for dismissal under Rule 12(c) may

be submitted after the answer has been filed." *Jackson v. Heh*, No. 98-4420, 2000 WL 761807,

at *3 (6th Cir. June 2, 2000) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir.1980)

(holding that an untimely motion to dismiss may be treated as a motion for judgment on the

pleadings); *Hunter v. Ohio Veterans Home*, 272 F. Supp. 2d 692, 694 (N.D. Ohio 2003).

**B.**

The procedural standard for determining a judgment on the pleadings under Fed. R. Civ.

P. 12(c) is indistinguishable from the standard of review for dismissals based on failure to state a

claim under Fed. R. Civ. P. 12(b)(6).  *Daily Services, LLC v. Valentino*, 756 F.3d 893, 898 (6th

Cir. 2014) (citing *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)).  "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal* , 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "While legal conclusions

can provide the framework of a complaint, they must be supported by factual allegations.  When

there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.  The factual

allegations in the complaint "must be enough to raise a right to relief above the speculative

level." *Twombly*, 550 U.S. at 555 (citing authorities).

In other words, claims set forth in a complaint must be plausible, rather than conceivable.

*Id*. at 570.  The factual allegations in the complaint "must contain something more . . . than . . . a

3

(4:26CV0235)

statement of facts that merely creates a suspicion [of] a legally cognizable right of action."

*Twombly*, 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure

§ 1216, p. 235-236 (3d ed. 2004)).  Dismissal of the action is proper if Plaintiff  "undoubtedly

can prove no set of facts in support of the claims that would entitle relief."  *Progressive Northern*

*Ins. Co. v. City of Rocky River*, No. 1:18CV0524, 2019 WL 5394206, at *3 (N.D. Ohio Aug. 16,

2019) (internal quotation marks and citations omitted).

### III.

Defendant complied with the pre-filing written exchange required by ¶ 14 of the Case

Management Plan (ECF No. 11 at PageID #: 61).  *See* ECF No. 13 at PageID #: 76; ECF No. 13-

1.  Plaintiffs' counsel wrote in response to Defendant's request to be dismissed:  "Plaintiffs

won't dismiss their two claims because the Board of Revision can no longer remedy their

mandamus claim for years 2023-2024.  Hence, no 'adequate remedy in the ordinary course of the

law' for mandamus purposes."  Email Message dated June 5, 2026 from Attorney Michael D.

Rossi (ECF No. 13-2).  After Defendant briefed the First Claim for mandamus, Plaintiffs filed a

Notice of Withdrawal of Complaint's First Claim (ECF No. 14).  While considering relevant

factors under Fed. R. Civ. P. 41, the First Claim is dismissed pursuant to Fed. R. Civ. P. 21

because Plaintiffs have now withdrawn it.  *See Wilkerson v. Brakebill*, No.:

3:15-CV-435-TAV-CCS, 2017 WL 401212, at *3 (E.D. Tenn. Jan. 30, 2017) ("Plaintiffs desire

to withdraw a single claim, rather than the entire action, so any prejudice to defendants is

substantially minimized.") (citing *Crozin v. Crown Appraisal Grp., Inc.*, Nos. 2:10-cv-581, 2:10-

cv-764, 2012 WL 139219, at *2 (S.D. Ohio Jan. 18, 2012)).  In the alternative, the First Claim is

4

(4:26CV0235)

dismissed because Plaintiffs make no effort to rebut Defendant's request for dismissal of it.  A plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for judgment on the pleadings.  *See CHKRS, LLC v. City of Dublin*, 984 F.3d 483, 492 (6th Cir. 2021) (affirming district court's decision granting judgment on the pleadings to defendant on plaintiff's due-process claims because plaintiff had abandoned them by making no arguments in response to defendant's contentions about them).

## IV.

### A.

Defendant argues that Plaintiffs fail to state a class-of-one equal protection claim upon which relief can be granted.  The Sixth Circuit has held:

> The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference.

*TriHealth, Inc. v. Board of Commissioners, Hamilton County, Ohio*, 430 F.3d 783, 788 (6th Cir. 2005) (citation omitted).  The Complaint (ECF No. 1 at PageID #: 5-7) does not allege that a fundamental right was burdened or that the alleged conduct targets a suspect class.  The third type of equal protection claim is a class-of-one claim.  "In [*Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)], the Court in the property context, laid out the basic requirements for a valid class-of-one claim:  a plaintiff must allege 'that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'"  *Franks v. Rubitschun*, 312 Fed.Appx. 764, 766 (6th Cir. 2009).

5

(4:26CV0235)

> A "class of one" plaintiff may demonstrate that government action lacks a rational basis either by negativing every conceivable basis which might support the government action, or by showing that the challenged action was motivated by animus or ill-will. . . .  To prevail, they must demonstrate that the differential treatment they were subjected to is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the . . . actions were irrational.
>
> *   *   *
>
> [G]overnmental action subject to equal protection scrutiny under the rational basis test must be sustained if *any* conceivable basis rationally supports it.

*Id.* at 788, 790 (emphasis in original) (citations omitted).  In *Bertovich v. Village of Valley View, Ohio*, 431 Fed.Appx. 455 (6th Cir. 2011), the Sixth Circuit affirmed the district court dismissal of Bertovich's Fourteenth Amendment claims against Valley View, based on the Village's Fed. R. Civ. P. 12(b)(6) motion.  The Court of Appeals stated:

> In dismissing this claim, the district court found that Bertovich had failed to "allege any facts from which one might conclude he was treated differently from others that are similarly situated."  A close examination of the factual allegations confirms that Bertovich does not point to any individual who was treated differently, and makes no allegation that any other individual had been able to effect a criminal investigation by his or her request.  In fact, Bertovich himself acknowledges that there was an investigation, but asserts that such investigation was only "cursory."  Bertovich has not pointed to any facts supporting his contention that a similarly situated victim, without the alleged adversarial relationship with municipal leadership, would enjoy a higher level of attention from law enforcement.
>
> Had we determined that Bertovich's allegations satisfied the differential-treatment pleading requirement, he would nonetheless have failed to state a claim.  This is because his allegations also fall short concerning Valley View's lack of a rational basis for the treatment.  Although Bertovich makes allegations concerning an "animus" held against him by the Village of Valley View, and Valley View's "desire . . . to protect Cooke from both civil and criminal liability," his allegations include no specific information.

*Id.* at 458.

6

(4:26CV0235)

In *Loesel v. City of Frankenmuth*, 692 F.3d 452 (6th Cir. 2012), the Sixth Circuit

explained that "a plaintiff must overcome a 'heavy burden' to prevail based on the class-of-one

theory." *Id.* at 462 (citing *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cty., Ohio*, 430 F.3d 783,

791 (6th Cir. 2005) (concluding that the plaintiff "had not carried its heavy burden of negativing

every conceivable basis for the Board's decision")).

*JDC Management, LLC v. Reich*, 644 F. Supp.2d 905 (W.D. Mich. 2009) discusses at

length the application of *Engquist v. Oregon Dept. of Agriculture.*, 553 U.S. 591 (2008), and

subsequent cases construing it, noting that courts throughout the country have begun extending

*Engquist* beyond the context of public employment to other circumstances requiring the exercise

of discretion.

> [*Engquist*'s] rationale *strongly* suggests that the class-of-one theory is also
> unavailable in other contexts where government officials must make subjective
> discretionary decisions, e.g., in its role as a sovereign and regulator.

*Id.* at 910 (emphasis in original).  In *JDC Management, LLC*, the district court quoted a

particularly apt passage from the Tenth Circuit's decision in *Jennings v. City of Stillwater*, 383

F.3d 1199, 1210-11 (10th Cir. 2004):

> In the wake of *Olech*, lower courts have struggled to define the contours of
> class-of-one cases.  All have recognized that, *unless carefully circumscribed, the
> concept of a class-of-one equal protection claim could effectively provide a
> federal cause of action for review of almost every executive and administrative
> decision[] made by state actors*.  It is always possible for persons aggrieved by
> government action to allege, and almost always possible to produce evidence, that
> they were treated differently than others, with regard to everything from zoning to
> *licensing* to speeding to tax evaluation.  It would become the task of federal courts
> and juries, then, to inquire into the grounds for differential treatment and to decide
> whether those grounds were sufficiently reasonable to satisfy equal protection
> review.  *This would constitute the federal courts as general-purpose
> second-guessers of the reasonableness of broad areas of state and local*

7

(4:26CV0235)

> *decision-making:  a role that is both ill suited to the federal courts and offensive to state and local autonomy in our federal system.*

*JDC Management, LLC*, 644 F. Supp.2d at 924-25 (emphasis in original).

Defendant argues a class-of-one claim still requires someone else.  Plaintiffs identify no one in the Complaint (ECF No. 1 at PageID #: 5-7).  To date, Plaintiffs still identify no comparator taxpayer, no comparator parcel, no tax year, no valuation, and no appraisal facts from which the Court could plausibly infer that another property was similarly situated in all material respects.  They likewise plead no facts showing purposeful discrimination or eliminating rational, parcel-specific reasons for different appraisal treatment.  At most, they allege a disagreement over valuation methodology.  At this time, however, the Court denies Defendant's Motion for Judgment on the Pleadings regarding the Second Claim.  Defendant can renew this argument at a later stage of the proceedings.[1]

**B.**

Defendant argues Plaintiffs' § 1983 claim is also barred by qualified immunity because Plaintiffs have not pleaded a constitutional violation or a clearly established right.  Once a defendant raises qualified immunity, the burden shifts to the plaintiff, who must demonstrate both that the official violated a constitutional or statutory right, and that the right was so clearly established at the time of the alleged violation that every reasonable official would have

---

[1]  The Court recently granted the parties' Joint Motion to Extend Fact Discovery Deadline (ECF No. 16) until August 14, 2026.  *See* Non-document Order dated July 27, 2026.  Plaintiffs presumably have engaged in discovery to identify comparators, who are similarly situated in all material respects, and intentional irrational treatment.  The dispositive motion cutoff date is September 15, 2026.  *See* ECF No. 11 at PageID #: 61, ¶ 14.

(4:26CV0235)

understood that what he was doing violated that right.  *Ashcroft v. al-Kidd*, 563 U.S 731, 741 (2011).  If the plaintiff fails to carry this burden as to either element of the analysis, qualified immunity applies and the official is immune.  *Cockrell v. City of Cincinnati*, 468 Fed.Appx. 491, 494 (6th Cir. 2012).  "Clearly established law" should not be defined "at a high level of generality" and the clearly established law must be "particularized" to the facts of the case. *Ashcroft*, 563 U.S. at 742; *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  While generally a court should look to binding precedent with sufficiently similar facts to the case in front of it, "[s]ome violations of constitutional rights are so obvious that a 'materially similar case' is not required for the right to be clearly established."  *Hearring v. Sliwowski*, 712 F.3d 275, 280 (6th Cir. 2013) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004)); *see also Taylor v. Riojas*, 592 U.S. 7, 8-9 (2020) (per curiam) (holding that, in an outrageous case, a "general constitutional rule" will serve as sufficient notice to an officer claiming qualified immunity) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)).

In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court established a two-step inquiry for determining whether an official is entitled to qualified immunity.  *Id.* at 201.  The Court must consider (1) whether, viewing the evidence in the light most favorable to the injured party, a constitutional right has been violated; and (2) whether that right was clearly established. *Id.*; *Mosier v. Evans*, 90 F.4th 541, 546 (6th Cir. 2024).  In *Pearson v. Callahan*, 555 U.S. 223 (2009), the Supreme Court held that while the sequence set forth in *Katz* is often appropriate, it is not mandatory, and courts have discretion to decide which of the two prongs of the qualified immunity analysis to address first.  *Id.* at 236; *Williams v. City of Grosse Pointe Park*, 496 F.3d

9

(4:26CV0235)

482, 485 (6th Cir. 2007) (if a plaintiff is "unable to establish sufficient facts to support a finding of a constitutional violation by the defendant, the inquiry ceases, and the court must award judgment to the defendant").

Plaintiffs invoke equal protection at the highest level of generality and then quote the Supreme Court of the United States to show that she violated a clearly established federal right: "'Taxing is required to be by a '*uniform rule*'—that is, by one and the same unvarying standard. Taxing by a uniform rule requires uniformity not only in the *rate* of taxation, but also uniformity in the mode of assessment upon the taxable valuation.  Uniformity in taxing implies equality in the burden of taxation, and this equality of burden cannot exist without uniformity in the mode of assessment, as well as the rate of taxation." *Gilman v. City of Sheboygan*, 67 U.S. 510, 517 (1862) (emphasis in original) (citing *Exchange Bank of Columbus vs. Hines*, 3 Ohio St. 15, (1853)).

The Court will not decide the issue of qualified immunity at this point.  The Sixth Circuit has held that "it is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity."  *Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015).  The reason for the Sixth Circuit's "general preference" to withhold a ruling on qualified immunity until the summary judgment stage is that "[a]bsent any factual development beyond the allegations in a complaint, a court cannot fairly tell whether a case is obvious or squarely governed by precedent, which prevents us from determining whether the facts of this case parallel a prior decision or not for purposes of determining whether a right is clearly established."

(4:26CV0235)

*Guertin v. State*, 912 F.3d 907, 917 (6th Cir. 2019) (internal quotation marks and citation

omitted).

**V.**

Defendant's Motion for Judgment on the Pleadings(ECF No. 13) is granted in part and

denied in part.  The First Claim for mandamus is dismissed.  The motion is denied as to the

Second Claim.


IT IS SO ORDERED.


<u>    August 4, 2026    </u>                              <u>   */s/ Benita Y. Pearson*          </u>
Date                                                                Benita Y. Pearson
                                                                       United States District Judge

11